# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| JAMES J. BRISCOE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) ) | No. 4:11-cv-1154 JCH |
| JEFF NORMAN, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner James J. Briscoe's ("Briscoe") *pro se* petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. The matter has been fully briefed and is ready for disposition.

On October 27, 2006, a jury in the Circuit Court of St. Louis County, Missouri convicted Briscoe of eight counts of first-degree statutory sodomy and four counts of first degree child molestation. Briscoe was then sentenced to a total of 30 years in prison. The Missouri Court of Appeals affirmed the conviction and sentence. Briscoe then filed a petition for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. The Circuit Court denied the motion without an evidentiary hearing, and the Missouri Court of Appeals affirmed that ruling.

Briscoe is currently incarcerated at the Southeast Correctional Center in Charelston, Missouri. He filed this Petition on June 27, 2011. The Petition raises seven grounds for relief:

(1) That the trial court erred in excluding evidence of three instances of the victim lying;

(2) That the trial court erred in overruling Briscoe's objection to the prosecutor's closing argument that the jury should "send a message" to the community by finding Briscoe guilty;

(3) That the trial court plainly erred in failing to instruct the jury to disregard the prosecutor's closing argument that the victim and others needed to be protected from Briscoe;

(4) That "the post-conviction motion court's denial of an evidentiary hearing was in error because" trial counsel was ineffective for failing to object to the prosecutor's comments in closing argument "that impermissibly personalized the argument to the jury";

(5) That Briscoe received ineffective assistance of counsel, in that trial counsel failed to call Tamara Cooper or Natasha Cooper who "would have testified to bias or impeached the credibility of the complaining witness";

(6) That Briscoe received ineffective assistance of counsel, in that trial counsel failed to call Wood "who would have testified that he witnessed [Briscoe] attempt to dispose of pornography in order to rid himself of such activity"; and

(7) That Briscoe received ineffective assistance of counsel, in that trial counsel failed to object to the prosecutor's questions in voir dire that "focused on whether the jury would convict the [Briscoe] based on the testimony of only one witness when the State introduced the testimony of several witnesses at trial, and therefore the question in voir dire was irrelevant, immaterial, and misleading."

(Amended Petition, ECF No. 7).

**I. Ground 1**

In Ground 1 of his Petition, Briscoe asserts that the trial court committed constitutional error in excluding three prior instances in which the victim, whose testimony was essential to the prosecution's case, told lies to her mother. (Amended Petition, ECF No. 7, at 45-48). Briscoe wished to introduce these specific instances of prior conduct to attack the victim's credibility. *Id.* Briscoe raised this claim, including the constitutional components,[1] on direct appeal. The Missouri Court of Appeals set out the generally applicable legal principles as follows:

> The Sixth Amendment right of an accused to confront witnesses against him also includes the right to cross-examine those witnesses. *Davis v.*

---
[1] There was some question on direct appeal as to whether Briscoe preserved his constitutional objections for review. Given that the Missouri Court of Appeals chose to address the constitutional component, the Court is satisfied that it is appropriate to address the claim here.

> *Alaska*, 415 U.S. 308, 315 (1974). The Confrontation Clause is applicable to the states via incorporation by the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 403 (1965). Thus, this claim of error relating to [Briscoe's] cross-examination of [the victim] is constitutional in nature, and we will review [Briscoe's] constitutional claims in conjunction with those preserved throughout the record.
>
> Trial courts have broad discretion to admit or exclude evidence, following the general standards of admissibility. *State v. Walkup*, 220 S.W.3d 748, 756-67 (Mo. banc 2007) [*sic*]. Moreover, trial courts have broad discretion in deciding the permissible scope of cross-examination. *State v. Silvey*, 894 S.W.2d 662, 670 (Mo. banc 1995). An abuse of discretion exists when the trial court's decision is clearly against the logic of the circumstances before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *State v. Christeson*, 50 S.W.3d 251, 261 (Mo. banc 2001). If reasonable persons can disagree about the propriety of the trial court's decision, the trial court did not abuse its discretion. *State v. Raines*, 118 S.W.3d 205, 209 (Mo. App. W.D. 2003).

(Direct Appeal Opinion, ECF No. 19, Exh. E, at 14). The Court of Appeals went onto apply these constitutional and state law principles in tandem. The two factors it found to be most important in determining the propriety of the trial court's exclusion of evidence were the relevance of the evidence and the age of the victim. As to relevance, the Court of Appeals found:

> In considering the relevance factors discussed in [*State v. Long*, 140 S.W.3d 27 (Mo. 2004) (*en banc*)], we conclude that the trial court here did not err in precluding evidence of [the victim's] alleged prior instances of lying about an X-box, spraying a dog with hairspray, or a dog bite. When reviewing the offer of proof made by [Briscoe], we note that none of the three alleged lies were related to [Briscoe] or could be viewed as demonstrating any bias by [the victim] against [Briscoe]. Additionally, none of the three alleged lies were similar in nature to the sexual abuse allegations made by [the victim] at trial, and none of the three lies were alleged to have occurred in a close proximity of time to [the victim's] allegations of sexual abuse. In fact, [Briscoe's] offer of proof lacked any reference to the period of time within which the alleged lies occurred. These three specific lies had limited probative value in this case as [Briscoe] retained the opportunity to cross-examine [the victim] concerning the accuracy of her observations and memory of [Briscoe's] actions in relation to the allegations of sexual abuse, and he had a full opportunity to explore possible inconsistencies with her testimony. Significantly, the danger of prejudice to [the victim] was high as the collateral issues could have opened

> the door to allow [Briscoe] to question [the victim] about specific prior bad acts. As we weigh the probative value of the three alleged instances of lying on the issue of [the victim's] credibility against the potential prejudice to [the victim] we conclude that the balancing of these competing interests supports the exclusion of evidence of the alleged lies. The decision to exclude such evidence was well within the trial court's discretion to admit or exclude evidence and to limit the scope of cross-examination.
>
> Here, the proffered instances of lies told by [the victim] excluded by the trial court did not include prior false allegations against [Briscoe] or any other person, but rather, were at most relatively inconsequential instances where a child gave untrue information to avoid perceived negative consequences. These isolated acts were offered by [Briscoe] for the purpose of showing [the victim's] credibility, or propensity to lie. We acknowledge that [Briscoe] sought to introduce evidence of [the victim's] lies through cross-examination and not extrinsic evidence as was the case in *Long*. However, 'a trial court does not violate the Confrontation Clause by prohibiting a defendant from cross-examining a witness where the sole purpose of the cross examination is to prove [] the witness's tendency to lie, based on a pattern of past lies. *Raines*, 118 S.W.3d at 213. Moreover, a trial court does not abuse its discretion when excluding offers of impeachment on immaterial or collateral matters. *State v. Taylor*, 944 S.W.2d 925, 935 (Mo. banc) 1997.

*Id.* at 16-17. The Court of Appeals then went on to address the issue of the victim's age as follows:

> A primary function of cross-examination is to impeach the credibility of a witness to reveal bias, prejudice, or ulterior motives as they relate to the issues or personalities in the case at hand. *Baker*, 859 S.W.2d at 809. The right to cross-examine, however, is not without limits. *Id.* Cross-examination is subject to the broad discretion of the trial court to preclude repetitive and unduly harassing interrogations, 'and to limit attacks on general credibility and attempts to elicit irrelevant, collateral, or stale matters.' *Russell*, 625 S.W.2d at 141. A court need not permit attack on a juvenile's general credibility or unrestrained cross-examination using the juvenile's acts of misconduct. *Id.* at 142 (finding that the U.S. Supreme Court 'does not hold that a state court must permit the general credibility of a juvenile to be attacked by a record of a juvenile adjudication or by unrestrained cross-examination concerning such adjudication or acts of misconduct.'); *Baker*, 859 S.W.2d at 809. It is with this guidance that we consider the exclusion of evidence of [the victim's] alleged lies.
>
> In light of [the victim's] age, we consider a number of factors in reviewing admissibility of the evidence proffered by [Briscoe]. First, like

> the juveniles in *Baker*, [the victim] was a juvenile victim of a crime and was unlikely to be motivated to testify falsely in an expectation of leniency or to divert suspicion from herself. *See Baker*¸ 859 S.W.2d at 810. Second, like the juveniles in *Baker*, [the victim] did not have any proceedings pending against her in juvenile court that would motivate her to testify falsely. *Id.* Here, [the victim's] alleged lies, while perhaps disappointing, are hardly actions subject to juvenile adjudication. While lying may be viewed by some as behavior commonplace in juveniles, [Briscoe] has offered no correlation between his offer of proof of the three alleged lies and [the victim's] credibility regarding her allegations of sexual abuse. The alleged juvenile lies proffered are too dissimilar to support [Briscoe's] credibility regarding her allegations of sexual abuse. The alleged juvenile lies proffered are too dissimilar to support [Briscoe's] claim for admission into evidence.
>
> Even beyond *Baker*, we note that the proffered incidents of her lies occurred prior to the trial. The information sought from [the victim] was desired solely for the purpose of attacking her credibility on collateral matters of relative insignificance, having no relationship to either [Briscoe] or the allegations of sexual abuse with which [Briscoe] was charged. Additionally, to the extent [the victim's] juvenile behavior had any relevance to her credibility as a witness, [Briscoe's] cross-examination of [the victim's] sister . . . presented the jury with general evidence of such without offering evidence of specific bad acts. Defense counsel asked [the victim's sister] whether [the victim] ever got into trouble for not telling the truth, and [the sister] testified, 'I'm sure she probably did.' This evidence put the issue of [the victim's] credibility before the jury as sufficiently as the three instances of alleged lying sought by [Briscoe]. Thus, a jury of reasonable intelligence was made aware of [the victim's] possible shortcomings as a reliable witness, particularly with respect to [the victim's] potential ability to misbehave and tell lies.

*Id.* at 18-20.

With respect to federal court review on habeas of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The two most common theories for habeas relief are set in subsection (d)(1). Under the "contrary to" theory, a district court must conclude "that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law." *Yang v. Roy*, 743 F.3d 622, 625-26 (8th Cir. 2014). Under the "unreasonable application" theory, a district court must conclude that although the state court has identified the correct legal principles, the state court's application of those principles is objectively unreasonable. *Id.*

"The Confrontation Clause of the Sixth Amendment guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.'" *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986). The most significant right guaranteed under the Confrontation Clause "is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 315 (1974). This right is not unlimited. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall*, 475 U.S. at 679.

The Missouri Court of Appeals gave careful consideration to whether the trial court erred in prohibiting Briscoe from impeaching the victim by presenting evidence that she lied on three previous occasions. It concluded that the lies themselves were of limited probative value on the question of the victim's credibility because the situations in which the victim lied were too different from a false accusation of molestation. It also concluded that neither the statements themselves nor the circumstances surrounding the statements evidenced any bias against Briscoe

or any other motivation to testify falsely against him. In reaching this conclusion, the Court of Appeals did not make any conclusions of law that were contrary to Supreme Court precedent. And based on its own review of the trial transcript and arguments presented, the Court cannot conclude that the Court of Appeals unreasonably applied the Supreme Court's Confrontation Clause jurisprudence. The trial court acted well within its discretion in excluding cross-examination questioning on three apparently isolated incidents of lying by a child that bore no relation to the facts at issue. Relief based on Ground 1 is therefore denied.

## II. Ground 2

In Ground 2 of his Petition, Briscoe contends that the trial court denied him due process of law when it overruled an objection to a statement during the prosecution's closing argument that the jury should convict Briscoe in order to "'send a message' to the community[.]" (Amended Petition at 49). According to Briscoe, this comment was constitutionally improper because it did not relate to guilt or innocence, but rather sought to inflame the fears of jurors about a lack of safety in their community. *Id.* at 50-51. The Missouri Court of Appeals reviewed the trial court's action for abuse of discretion and addressed this claim on direct appeal as follows:

> [Briscoe's] second point addresses comments made by the State during its closing argument. [Briscoe] contends that the trial court erred in overruling his objection to the State's closing argument because the State's 'message to the community' argument violated [Briscoe's] right to due process of law and a fair trial. . . .
>
> During the State's rebuttal argument, the State argued, "If you return a verdict[] of not guilty on this case, if you send a message—'
>
> [Briscoe] objected, and the trial court overruled the objection. The State continued by asking the jurors to think about the message they send that these cases should not be prosecuted. The State later argued that the jurors should lock [Briscoe] up where he cannot hurt [the victim] or anyone else.

> The State said again, 'Think about the message you send to the community.' . . .
>
> 'The state is permitted to argue such propositions as the prevalence of crime in the community and the personal safety of its inhabitants, and such pleas may call upon common experience.' *State v. Plummer*, 860 S.W.2d 340, 350 (Mo. app. E.D. 1993) [*sic*]. The State may further argue that conviction of the defendant is part of the jury's duty to prevent crime. *Id.* The prosecutor must, however, stay within the record and the reasonable inferences drawn therefrom, and avoid making inflammatory appeals to the jurors to arouse their personal hostility toward or personal fear of the defendant, such as implanting in their minds the fear that the defendant's acquittal will endanger their own personal safety or that of one of their family members. *Id.* . . .
>
> We find this issue strikingly similar to that presented in *State v. Collins*, 150 S.W.3d (Mo. App. S.D. 2004). In *Collins*, the court concluded that a prosecutor's remarks that the jurors were 'the only ones who can protect the little ones' and that 'if these kids are going to be saved,' it was going to be by the jury were not erroneously permitted. *Id.* at 354. The State here asked the jury to uphold the law and convict those responsible for sexually abusing children in the community. [Briscoe] incorrectly characterizes the State's comments. The State's argument concerned society's need for strict law enforcement and the importance of their duty as jurors. The State's comments did not suggest that criminals in general were considerations for the jury, or that the jurors should think about the personal danger to them or their families. *See id.* We conclude that the State properly stayed within the record and drew reasonable inferences therefrom.

(Direct Appeal Opinion at 20-24).

A habeas petitioner must meet a high bar to obtain relief based on a prosecutor's comments during closing arguments. "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned. The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (internal quotation marks and citations omitted). A district court on habeas review may not grant relief unless the state court's application of this due process standard was contrary to Supreme Court precedent or objectively unreasonable.

The Eighth Circuit has addressed a factually similar situation on review of a habeas petition and found that the principle set forth in *Darden* had not been violated. In *Kinder v. Bowersox*, 272 F.3d 532 (8th Cir. 2001), the prosecutor argued in closing that "our verdict is going to send a message that we are not going to tolerate—we don't like this happening." *Id.* at 551. On direct appeal, "the Missouri Supreme Court held that it was permissible for the prosecutor to 'argue that the jury should send a message that criminal conduct will not be tolerated' and that the 'court did not abuse its discretion in overruling the objection.'" *Id.* (quoting *State v. Kinder*, 943 S.W.2d 313 (Mo. 1996) (*en banc*), *cert. denied*, 522 U.S. 854 (1997)). The Eighth Circuit applied the *Darden* standard and found that "the Missouri Supreme Court's decision is neither contrary to nor the result of an unreasonable application of clearly established law." *Id.*

In light of the standard set forth in *Darden* and the Eighth Circuit's application of it in *Kinder*, the Court cannot conclude that habeas relief is appropriate here. The Missouri Court of Appeals found that it was proper for the prosecutor to draw from facts in the record and use those facts to remind the jury of the importance of its role. This conclusion was neither contrary to nor an unreasonable application of Supreme Court precedent. Relief based on Ground 2 is therefore denied.

### III. Ground 3

In Ground 3 of his Petition, Briscoe contends that "[t]he trial court plainly erred in failing to instruct the jury to disregard the prosecutor's improper argument that [the victim] and others needed to be protected from [Briscoe], because this violated [his] rights to due process of law and a fair trial[.]" (Amended Petition at 52). Because Briscoe had failed to preserve this claim for review, the Missouri Court of Appeals reviewed it for plain error. It found the following:

> Defendant has not met his burden of showing plain error. While '[i]t is improper for a prosecutor to argue as to the necessity for deterring the defendant from committing further crimes,' *See State v. Baller*, 949 S.W.2d 269, 272 (Mo. App. E.D. 1997), the strict standard of plain error review often requires an appellate court to uphold a trial court's allowance of the argument. *See State v. Dixon*, 70 S.W.3d 540, 550 (Mo. App. W.D. 2002).
>
> In *Dixon*, the prosecutor argued, 'Convict him. Send him to prison for the rest of his life so he's not out raping any other little girls.' *Id.* The Western District held that the prosecutor's comment improperly speculated that the defendant presented a threat of committing future crimes. *Id.* However, 'improper speculation does not constitute reversible error unless there is a showing of a decisive effect of the improper argument on the jury's decision, which the 'reasonable probability that, in the absence of the improper argument, the verdict would have been different.''  *Id.*
>
> Here, our review reveals an analogous situation. The evidence of [Briscoe's] guilt was overwhelming: the confession by [Briscoe] (despite his claim that it was no confession at all), [the victim's] testimony regarding [Briscoe's] sexual encounters with her, [the sister's] testimony regarding what she witnessed, the positive test showing the presence of [Briscoe's] semen on [the victim's] pillowcase, and [Briscoe's] attempt to hide any evidence of his wrongdoing by washing [the victim's] clothes and discarding his toolbox of sex toys. 'Even if we assume the [State's] comment was improper, no plain error exists. Given the other evidence against [D]efendant that was presented at trial, it cannot be established that this comment had a decisive effect on the jury's determination.' *Baller*, 949 S.W.2d at 272. Point III is denied.

(Direct Appeal Opinion at 25-26).

As noted above, the Missouri Court of Appeals reviewed Briscoe's third point for plain error because Briscoe failed to preserve the claim for appellate review. Generally speaking, a criminal defendant who prevents state appellate review of a constitutional claim by violating a state procedural rule is barred from raising that claim in a habeas petition. *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991). There is, however, a split within the Eighth Circuit as to whether plain error review by a state appellate court cures such a procedural default. *Burns v. Gammon*, 173 F.3d 1089, 1095 (8th Cir. 1999). Because the result will be the same under either theory, the

Court reviews Briscoe's third claim for plain error, giving it the same attention as did the Missouri Court of Appeals. *See id.*

In reviewing for plain error, the Court will grant habeas relief only if manifest injustice would otherwise result and the prosecutor's comments had a decisive effect on the jury. *Id.*; *Hornbuckle v. Groose*, 106 F.3d 253, 257 (8th Cir. 1997). Neither is the case here. As the Missouri Court of Appeals noted, there was overwhelming evidence on which the jury could convict Briscoe. In the face of that overwhelming evidence, Briscoe cannot make the required showing for relief based on the plain error standard. Ground 3 is therefore denied.

## IV. Ground 4

In Ground 4 of his Petition, Briscoe contends that "[t]he post-conviction motion court's denial of an evidentiary hear[ing] was in error because [Briscoe] claimed that he was denied the effective assistance of counsel" due to trial counsel's failure "to object to remarks during the State's closing argument that impermissibly personalized the argument to the jury[.]" (Amended Petition at 54). Absent a constitutional error, claims alleging state procedural error are generally outside the dimension of habeas review. *Smith v. Lockhart*, 882 F.2d 331, 334-35 (8th Cir. 1980). The Court therefore focuses only on the portion of Ground 4 claiming that Briscoe's trial counsel was unconstitutionally ineffective. Briscoe presented this claim in his state post-conviction motion. On appeal of that motion, the Missouri Court of Appeals declined to review Briscoe's contention because it was not raised at the trial court level:

> In his first point, [Briscoe] argues that the State improperly personalized its closing argument when the prosecutor asked the jurors to think about the message they would send to [the victim] if they returned a verdict of not guilty. [Briscoe] suggests the Trial Counsel was ineffective by failing to object to this argument, which played on the jurors' emotions. [Briscoe] raises this argument for the first time on appeal. [Briscoe] did not raise this argument in the Amended Motion filed with the motion court.

> In his Amended Motion, Movant argued that the State's closing argument improperly suggested that Movant was a danger to the community and would commit crimes in the future if not convicted. [Briscoe] did not argue in his Amended Motion for post-conviction relief that the State's closing argument was an improper personalization that played on the juror's emotions about the message that would be sent to the victim. The motion court had no opportunity to address this claim. Claims not presented to the motion court may not be raised for the first time on appeal. *Davidson v. State*, 308 S.W.3d 311, 318 (Mo. App. E.D. 2010). Because [Briscoe] did not include any claim that Trial Counsel should have objected to the State's improper personalization argument in his Rule 29.15 Amended Motion, [Briscoe] may not now raise this claim on appeal.

(PCR Appellate Opinion, ECF No. 19, Exh. J, at 12).

As noted above, violation of a state procedural rule that prevents review of a constitutional claim generally bars habeas review of that claim. Here, Briscoe failed to raise in his state court motion for post-conviction relief the contention that his trial counsel was ineffective for failing to object to the prosecutor's improper personalization. That failure bars consideration of this claim. *See Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995). Ground 4 is therefore denied.

## V. Ground 5

In Ground 5 of his Petition, Briscoe contends that his trial counsel was ineffective for failing to call either Tamara or Natasha Cooper as witnesses. (Amended Petition at 58-59). These witnesses would have testified that the victim "threatened to get [Tamara] in trouble if she did not engage in sexual acts." *Id.* at 58. This claim was presented on Briscoe's motion for post-conviction relief, and the Missouri Court of Appeals found as follows on review of the motion court's decision:

> [Briscoe] claims that he received ineffective assistance of counsel because Trial Counsel failed to call as a witness either Tamera [*sic*] Cooper or her mother Natasha Cooper. [Briscoe] claims that either of these persons would have testified that Tamera and [the victim] had been playing at her home when [the victim] engaged Tamera in sexual activity. [Briscoe]

claims these witnesses also would have testified that [the victim] threated Tamera that [the victim] would get her in trouble if she did not engage in such acts. [Briscoe] argues that because [the victim's] credibility was directly at issue in this case, sufficient prejudice exists to undermine confidence in the outcome of [Briscoe's] trial. [Briscoe] admits that 'trial counsel briefly raised the issue with the trial court, but did not make an offer of proof with regard to the complaining witness who threatened to get Tamera in trouble if she did not engage in sexual acts.'

Prior to voir dire, the trial court heard the State's motion in limine to exclude '[a]ny opinion and reputation of the [the victim's] prior sexual contact,' as inadmissible under Section 491.015, the 'Rape Shield Law.' During this hearing, Trial Counsel argued to the court the reasons [Briscoe] wanted to offer testimony that [the victim] had sexual encounters with Tamera Cooper, a child of similar age, during the course of the case. The State argued the proffered testimony was 'highly inflammatory' and 'prejudicial to the State's case and done to just inflame the jury against the victim in this case.' The trial court sustained the State's motion in limine and Trial Counsel did not seek to introduce Tamera Cooper's testimony during trial. We find that trial Counsel's [*sic*] actions were not deficient. To the contrary, Trial counsel [*sic*] adhered to the express ruling of the trial court relating to the admission of such evidence. Moreover, the record is clear that any attempt by Trial Counsel to introduce such testimony would have been unsuccessful, and any objection to the trial court's denial of such evidence would not have been meritorious. Our review of the record reveals that Trial Counsel intended to call Tamera Cooper at trial, but by sustaining the State's motion in limine, the trial court precluded her from testifying.

At most, Tamera's mother, Natasha Cooper, would have testified at trial as to what Tamera told her. 'Testimony of a witness regarding the statement of another is hearsay and inadmissible . . . when the statement is offered as proof of the matters therein stated.' *Still v. Travelers Indem. Co.*, 374 S.W.2d 95, 102 (Mo. 1963). Natasha Cooper's testimony was inadmissible hearsay. Trial counsel is not ineffective for failing to make non-meritorious objections.

(PCR Appellate Opinion at 14-15).

In order to prevail on an ineffective assistance of counsel claim, a claimant must show that his attorney's performance was "deficient," and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper

functioning of the adversarial process that the trial [or other proceeding at which the defendant was entitled to effective counsel] cannot be relied on as having produced a just result." *Id.* at 686.

Demonstration of the performance prong is not an easy task because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if a claimant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 691. To demonstrate sufficient prejudice, the claimant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

Here, the Missouri Court of Appeals noted that the substance of the testimony that would have been presented by either witness had been excluded on a motion in limine under Missouri's Rape Shield Law. It also found that Natasha Cooper's testimony, even beyond the inadmissible substance, would also have been inadmissible because it was hearsay. It found both that Briscoe's trial counsel had attempted to defeat the motion in limine in order to introduce the evidence and that in failing to object at trial, Briscoe's counsel was merely adhering the trial court's order. Based on all of that, the Court of Appeals affirmed the trial court's conclusion that Briscoe's trial counsel was not constitutionally defective. This conclusion was neither an unreasonable application of nor contrary to *Strickland* and its progeny. Ground 5 is therefore denied.

## VI. Ground 6

In Ground 6 of his Petition, Briscoe contends that his trial counsel was ineffective "in that trial counsel failed to call as witnesses [*sic*] Christopher Wood, who would have testified that he witnessed [Briscoe] attempt to dispose of pornography in order to rid himself of such activity." (Amended Petition at 60). According to Briscoe, this testimony from Wood would have corroborated Briscoe's primary defense: that Briscoe was addicted to masturbation, which is how his semen ended up in the victim's bedroom. *Id.* at 61. The Missouri Court of Appeals addressed this argument as follows:

> The motion court ruled that [Briscoe's] proffered testimony would not have provided a viable defense and therefore, [Briscoe] did not show prejudice. We agree. Even if the jurors believed Wood's testimony that [Briscoe] had been addicted to self-stimulation and pornography and that Wood had seen [Briscoe] attempting to dispose the pornography, such evidence already had been presented through testimony from Tita, Erol Suliman, and [Briscoe] himself. Thus, Wood's testimony would have been cumulative. Failure to present cumulative testimony does not demonstrate prejudice. *Forrest*, 290 S.W.3d 709. Moreover, the testimony of Wood did not provide a viable defense.

(PCR Appellate Opinion at 16).

The Court of Appeals' determination is neither contrary to nor an unreasonable application of *Strickland*. *See, e.g.*, *Hall v. Luebbers*, 296 F.3d 685, 693 (8th Cir. 2002) ("We conclude that failure to present cumulative evidence is neither contrary to nor an unreasonable application of the governing principles found in *Strickland*."). Ground 6 is therefore denied.

## VII. Ground 7

In the final ground of his Petition, Briscoe contends that his trial counsel was ineffective "in that trial counsel failed to object to the State's line of questioning in voir dire which focused on whether the jury could convict [Briscoe] based on the testimony of only one witness when the

State introduced the testimony of several witnesses at trial[.]" (Amended Petition at 62). The Missouri Court of Appeals found as follows:

> In his final point, [Briscoe] alleges that he was denied effective assistance of counsel when Trial Counsel failed to object to State's voir dire questions as to whether the jury could convict a defendant based on testimony of only one witness. [Briscoe] claims that because the State introduced testimony of several witnesses at trial, the voir dire questions were irrelevant, immaterial and misleading. [Briscoe] argues that the State 'invaded the provinces of both the court and the jury by restating the law and diminishing the importance of witness credibility, thereby exceeding the limits of examination permissible during voir dire.' [Briscoe] contends that the he was prejudiced by the questioning because it predisposed the jury to the theory that the State needed only one witness and, because the State presented multiple witnesses during trial, its case was even stronger. We disagree.
>
> Trial counsel is not ineffective for failing to make non-meritorious objections. *Forrest*, 290 S.W.3d at 719. During voir dire, counsel is permitted to probe the venire to 'determine preconceived prejudices that would prevent the jurors from following the court's instructions' on the law. *State v. Joliff*, 867 S.W.2d 256, 260 (Mo. App. E.D. 1993). The law permits a jury to convict based on the testimony of one credible witness if that witness establishes all of the elements of a crime in a sufficiently clear manner without any corroboration. *State v. Peters*, 186 S.W.3d 774, 778 (Mo. App. W.D. 2006). Thus, the State may ask whether a venireperson could find someone guilty based on the testimony of a single eye-witness. *State v. Thomas*, 70 S.W.3d 496, 505-06 (Mo. App. E.D. 2002).
>
> . . . The State was permitted to inquire whether venirepersons could make a decision on guilt or innocence based on the testimony of one eye-witness in the event that no other eye-witnesses were presented. We find the State's questions here served to clarify the fact that the State was attempting to establish exactly what the potential jurors associated with their burden of proof. Furthermore, [Briscoe's] contention that the State's voir dire questions prejudiced the jury is merely speculative.
>
> We do not find the motion court's findings and conclusions regarding [Briscoe's] claim to be clearly erroneous. The motion court determined that [Briscoe] failed to establish prejudice. [Briscoe] has the burden to establish that there was a reasonable probability that the result in the criminal trial would have been different had the State's questions not been allowed. *See McElheny v. State*, 156 S.W.3d 469, 471 (Mo. App. S.D. 2005).

(PCR Appellate Opinion at 16-18).

In short, the Court of Appeals found that the prosecution's line of questioning on voir dire was permitted under state law and that any objection would have been fruitless. Based on that finding, it concluded that Briscoe's trial counsel was not ineffective for failing to object. This was neither contrary to nor an unreasonable application of *Strickland*. *See, e.g.*, *Graves v. Ault*, 614 F.3d 501, 507 ("[T]rial counsel could not have been ineffective for failing to raise a state law claim with no merit"); *Gray v. Bowersox*, 281 F.3d 749, 756 n.3 (8th Cir. 2002) ("In any event, because the underlying objection would have been without merit, a claim of ineffective assistance is not viable."). Ground 7 is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Briscoe's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 7) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 22nd Day of August, 2014

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE